IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL R. HOGSETT, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL NO. 10-CV-00010-WDS |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner Samuel R. Hogsett, Jr.'s motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), the government's response (Doc. 18), and petitioner's reply (Doc. 20). Also before the Court are numerous supplements: petitioner's amended petition and memorandum of law (Doc. 7), and supplement to the amended petition (Doc. 8).

#### BACKGROUND

Petitioner was found guilty, after a jury trial, of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On April 20, 2007, petitioner was sentenced to 355 months imprisonment, 5 years supervised release, a fine of $750.00, and a special assessment of $300.00. Petitioner filed a direct appeal and his conviction was affirmed by the Seventh Circuit Court of Appeals. *United States v. Taylor*, 522 F.3d 731 (7th Cir. 2008). Petitioner sought, but was denied, a petition for a writ of certiorari from the Supreme Court of the United States. *Hogsett v. United States*, 555 U.S. 1170 (2009).

On January 4, 2010, petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel on several grounds. (Doc. 1). Petitioner later filed an amended memorandum in support (Doc. 7), supplement to amended memorandum (Doc. 8), and reply to government's response (Doc. 20), which this Court will consider in making its determination. The petitioner makes the following claims: ineffective assistance of counsel prior to trial for failure to seek dismissal for violation of the Speedy Trial Act and Sixth Amendment, failure to properly argue a suppression issue, and failure to advise petitioner of options besides proceeding to trial; ineffective assistance of counsel during trial for failure to advance a viable defense theory; ineffective assistance of counsel during sentencing for failure to object to "double counting," and failure to argue illegality of subjecting petitioner to two separate mandatory minimum sentences.

## LEGAL STANDARD

Relief under § 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)). Section 2255 requires the court to vacate, set aside, or correct the sentence of a prisoner in custody if the Court finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

A § 2255 motion "can *not* raise (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as

well as actual prejudice from the failure to appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (emphasis in original), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). Ineffective assistance of counsel claims, however, have been identified as generally raised and considered on collateral review, where a complete record can be developed. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005). Section 2255 is "neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Thus:

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* from the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816 (emphasis in original).

Defendant bears a heavy burden to establish ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). Ineffective assistance of counsel claims are evaluated under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984)). Petitioner must establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the defendant in such a way that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687. If the Court finds either the performance or prejudice prong unsupported, there is no need to consider the other prong. *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990).

A motion pursuant to 28 U.S.C. § 2255 does not mandate an evidentiary hearing. *Prewitt*, 83 F.3d at 819. A district court need only grant an evidentiary hearing if the petitioner alleges facts that, if proven, would entitle him to relief. *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). A hearing is unnecessary if the petitioner fails to make specific factual allegations. *Aleman v. United States*, 878 F.2d 1009, 1012-14 (7th Cir. 1989). The Court **FINDS** that petitioner has failed to allege facts, that if proven, would entitle him to relief, and, therefore, an evidentiary hearing is not necessary.

## ANALYSIS

**Ground I. Ineffective Assistance of Counsel Prior to Trial**

   A.  Failure to Seek Dismissal under Speedy Trial Act Violation

Petitioner claims that his counsel, Mr. Cronin, was ineffective during pre-trial proceedings because Mr. Cronin failed to seek dismissal for a Speedy Trial Act violation. Petitioner states that the time period between February, 2006, his first pretrial motion filing, and January 9, 2007, his trial, violated the Speedy Trial Act's 70 day requirement. 18 U.S.C. § 3161(c)(1). Here, petitioner has failed to first bring this constitutional claim in his direct appeal and thus is barred from raising it now. However, even if this claim, couched in an ineffective assistance of counsel allegation, is correctly brought, petitioner failed to demonstrate that the time violated the Speedy Trial Act.

The government contends that although petitioner was arraigned on December 16, 2005, and went to trial on January 9, 2007, the time in-between may be tolled for various reasons. (Doc. 18 at 7)[1]. The government sets out the tolled time periods and concludes that 53 days ran on the statutory speedy trial clock. Notably, upon granting each continuance, the Court found the ends of justice to be served by continuing the proceedings out-

---

[1] The government notes that since the time of petitioner's trial, the Supreme Court has held in *Bloate v. United States*, 559 U.S. 196 (2010), that tolled time in pre-trial motions is not automatically excludable. However, counsel cannot be held to be ineffective for failing to predict a change in the law. *Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001).

4

weighed the best interest of the defendant and the public in a speedy trial. The government further notes that petitioner signed a waiver of his speedy trial rights in which he asserted that he understood his rights and waived them.

Upon consideration of petitioner's claim, the Court **FINDS** that there was no Speedy Trial Act violation in that only 63 days were not tolled, and the time that elapsed, therefore, fell within the 70 day requirement.[2] Petitioner's initial appearance and arraignment occurred on December 16, 2005 and the clock ran until February, 9, 2006, when defendant requested a continuance. This resulted in 55 days elapsing for the purposes of the speedy trial calculation. The time from February 9, 2006, through October 11, 2006 was tolled for various continuances, motions, and hearings. The clock began running again on October 11, 2006, when the Court entered an Order on the motion to suppress. Defendant requested a continuance on October 19, 2006, which again tolled the clock until trial began on January 9, 2007, resulting in another 8 days elapsing for the purposes of the speedy trial calculation. Thus, in total, 63 days elapsed for speedy trial purposes.

A lawyer has no right or duty to make frivolous arguments to the court. *United States v. Edwards*, 777 F.2d 364, 365 (7th Cir. 1985); *see also United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003). Had petitioner's counsel filed for a motion to dismiss for violation of the Speedy Trial Act, it would have been denied because the Speedy Trial Act was not violated here. Petitioner has, therefore, failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness, as petitioner's speedy trial rights were not violated. Moreover, no prejudice has been shown, as petitioner has not demonstrated that the case would have been dismissed with prejudice.

B. Failure to Seek Dismissal Under 6th Amendment

Petitioner alleges that counsel was ineffective for failing to seek dismissal under the Sixth Amendment. Petitioner asserts that courts generally find that whenever the time

---

[2] The Court notes that the government erroneously calculated 53 days on the Speedy Trial clock.

between arraignment and trial exceeds one year, a presumption of prejudice is warranted. The government agrees that after one year, a presumption of prejudice attaches, and that petitioner's trial occurred 1 year and 24 days after the petitioner's indictment. (Doc. 18 at 9).[3]

Courts have generally held that a period in excess of one year provides for a presumption of prejudice. *Doggett v. United States*, 505 U.S. 647, 652 (1992). To determine whether a defendant's Sixth Amendment right to a speedy trial has been violated, the Court balances four factors to rebut the presumption of prejudice: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right to a speedy trial; and 4) prejudice to the defendant. *Id*.

Petitioner failed to assert this Constitutional claim on direct appeal, and is thus barred from bringing it now. He has not demonstrated good cause for the failure to bring it on direct appeal. Even if it were not procedurally barred, however, the claim would still fail, and the Court will consider it in light of petitioner's framing of the issue as an ineffective assistance claim. Petitioner's trial occurred 1 year and 24 days after his indictment. Applying the balancing test, the 24 days beyond the 1 year mark weighs slightly in petitioner's favor. Next, regarding the reason for the delay, most delays, including the withdrawal of Mr. Cronin due to a conflict of interest, and the motion to suppress the evidence continuance, came from the petitioner. Mr. Cronin's conflict of interest, which was handled within 8 days of being brought to his attention, was not a result of ineffective assistance of counsel. The continuances were granted in order to allow new counsel to adequately prepare to represent the petitioner, and were granted, therefore, for his benefit. Petitioner apparently had no objection to the continuances at the time they were granted, as evidenced by the waiver of speedy trial rights he executed, which stated he fully under-

---

[3] The government clarifies that petitioner's allegations regarding his detention in the State system counting toward the speedy trial time is irrelevant because it was due to a separate case and parole violation. (Doc. 18 at 9).

stood his rights and waived them.

Finally, petitioner has demonstrated no prejudice due to the delays. Although petitioner claims the government was able to obtain testimony of his prior bad acts, this information was all or mostly obtained by February 21, 2006, as demonstrated by petitioner's Motion in Limine. (*United States v. Hogsett*, Case No. 05-CR-30196-WDS, Doc. 18). Petitioner has failed to demonstrate more than one prong of the balancing test weighing slightly in his favor and thus cannot demonstrate he suffered any prejudice. Therefore, Petitioner has failed to demonstrate that counsel's performance fell below a reasonable standard or that he was prejudiced in any way by such deficient performance and this claim fails.

C. Failure to Properly Argue Suppression Issue

Petitioner alleges that Mr. Cronin and Mr. Gomeric, who represented petitioner after Mr. Cronin withdrew, failed to include an argument in their Suppression Motions that Officer Cramer's questioning of petitioner amounted to an unreasonable seizure of petitioner due to the length of time he was stopped. The government asserts that, although this issue was not addressed in Mr. Cronin's initial suppression motion, it was raised in his supplemental motion, and further adopted by Mr. Gomeric. Furthermore, the Court considered this issue in ruling on the motion to suppress, specifically stating that although the officers gave different times of the various occurrences, they all are consistent with the fact that defendant was stopped and searched quickly thereafter. (*United States v. Hogsett*, Case No. 05-cr-30196-WDS, Doc. 65 at 12).

In evaluating counsel's performance, the general presumption is that conduct is within the reasonable standard of professional assistance. *United States v. Godwin*, 202 F.3d 969, 973 (7th Cir. 2000). The Court refrains from second guessing an attorney's tactical decisions. *Id.*; *see also United States v. Brooks*, 125 F.3d 484, 496 (7th Cir. 1997). The Court ruled on the suppression motion, which included the issue regarding the length

of time involved in Officer Cramer's stop of the petitioner. The legality of the stop was, therefore challenged by defendant's counsel. The Court does not second guess defendant's counsel's particular method of challenging the stop, or, in other words, his reasonable strategic choices. Accordingly, petitioner's claim is unsupported by facts demonstrating counsel's performance fell below an objective standard of reasonableness or that the defendant was prejudiced and the result would have been different, and this claim, therefore, fails.

D.  Failure to Advise Petitioner of Other Options Besides Proceeding to Trial

Petitioner alleges that Mr. Cronin was ineffective because he failed to explain the advantages and disadvantages of going to trial. Petitioner further alleges that counsel failed to inform him of other guilty plea options beyond signing a plea agreement. Petitioner states that counsel advised him that any conviction at trial would result in "about the same time" as that offered in the plea agreement. Petitioner claims he was prejudiced because he received a sentence of 355 months at trial instead of a sentence of not more than 188-235 months, which he claims he would have received had he entered a guilty plea immediately after being indicted. Petitioner does not explain whether this range was offered to him by the government, and the government does not address this point in their response.[4]

As evidence of petitioner's eagerness to go to trial, the government submitted an affidavit by petitioner's mother, Susie Hogsett, who states that she recalled on several occasions, petitioner "expressing desire to have a trial at the first opportunity…" (Doc. 18 at 11). Further, the government asserts that counsel's advice to reject a plea was not unsound because there were viable defenses available to petitioner at trial, which petitioner did utilize at trial.

Counsel's advice to reject a plea offer is not objectively unreasonable unless the

---

[4] Petitioner cites to Federal Rules of Criminal Procedure 11(a)(1) and (c), in support of his argument, however, it is unclear how these rules apply to petitioner's position.

advice is made "in the face of overwhelming evidence of guilt and in an absence of viable defenses." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005). Such tactics are based on professional judgment, and the Court must not act as Monday-morning quarterback when reviewing claims that an attorney acted deficiently when advising his client. *United States v. Malone*, 484 F.3d 916, 920 (7th Cir. 2007).

Here, petitioner has failed to demonstrate any objectively unreasonable advice by his counsel, even if counsel advised petitioner to reject a plea. As the government noted, several viable defenses were available and asserted by petitioner, and therefore, rejecting the plea offer was not unreasonable. Petitioner's allegation that he would have received a lower sentence, had he pled guilty without a plea agreement, is unsupported by any reliable factual support or other evidence. Petitioner has produced no evidence that 188-235 months would be his sentence or that it was offered. A mere possibility of prejudice is insufficient to demonstrate actual prejudice. *Prewitt*, 83 F.3d at 819. Petitioner has failed to demonstrate that his counsel's advice fell below an object standard of reasonableness. Further, there is no founded allegation that counsel's advice prejudiced petitioner is any way, and therefore this claim fails.

**Ground II: Ineffective Assistance of Counsel during Trial**

A. Failure to Advance and Create a Record that Permitted a Viable Defense Theory

Petitioner alleges that trial counsel, Mr. Gomeric, was ineffective for failing to specifically elicit testimony on "personal use" regarding drug amounts. The government asserts that Mr. Gomeric did elicit testimony regarding personal use of drugs by cross examining Officer Shook about "user quantity."

At trial, Mr. Gomeric repeatedly advanced the theory that the drugs found were for petitioner's personal use through cross examination of Officer Shook, as well as during closing argument. The government asserts that petitioner's "personal use" defense was

9

clearly conveyed to the jury as demonstrated by the jury's note during deliberation regarding the difficulty in reaching a verdict for the drug trafficking offense.

Counsel's strategic choices are presumed to be reasonable unless the defendant presents evidence to the contrary, which rebuts the presumption. *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004). Petitioner has failed to demonstrate counsel performed below an objective standard of reasonableness or that it prejudiced petitioner in any way, as the "personal use" defense was clearly advanced by counsel. Counsel's decision to cross examine and close with information regarding "user quantity" is presumed to be reasonable strategy. To the extent that petitioner is alleging an omission, he has failed to demonstrate what counsel could have done, but did not. *See Wright v. Gramley*, 125 F.3d 1038, 1044 (7th Cir. 1997). Therefore, this claim fails.

**Ground III: Ineffective Assistance of Counsel during Sentencing**

Petitioner's claims that counsel failed to object to "double counting" and to argue the illegality of the imposition of two mandatory minimum sentences could have been raised on direct appeal, but were not. *Narvaez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011). Petitioner has not demonstrated cause for not raising these issues on his direct appeal or any miscarriage of justice. Thus, petitioner is prohibited from bringing the sentencing challenges at this time. *Bontkowski v. United States*, 850 F.2d 306, 312 (7th Cir. 1988). Even if the Court could consider these claims, however, petitioner would not succeed in demonstrating ineffective assistance of counsel at sentencing.

A. Failure to Object to "Double Counting" for Same Conduct in Counts One and Three

Petitioner argues that Mr. Gomeric was ineffective for failing to object to the use of conduct in Count Three to establish petitioner's base offense level in Count One, which resulted in the imposition of a 60 month consecutive sentence for Count Three. Petitioner contends that if Mr. Gomeric had objected to the imposition of a consecutive sentence, his

sentence would have been significantly less than 355 months. The government asserts that a conviction of both § 924(c) and the underlying offense does not violate the double jeopardy clause. *United States v. Handford*, 39 F.3d 731, 735 (7th Cir. 1994). The government argues petitioner's claim is based on the initial calculation of the PSR, not the calculation actually applied, which came from his prior career offender history.

Although petitioner claims his charges were "double counted," petitioner was sentenced as a career offender, which automatically sets his guideline range at 360 months to life.[5] Any sentence below the bottom guideline range is presumed to be reasonable. *United States v. Conner*, 400 F. App'x 82, 83 (7th Cir. 2010); *see also United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008). Petitioner has, therefore, failed to show that he was prejudiced because he received a sentence less than the applicable range as a career offender. Further, he has not shown that counsel's performance fell below a reasonable standard, and this claim fails.

B. Failure to Argue Illegality of the Imposition of Two Separate Mandatory Minimum Sentences

Petitioner claims that he should only be subjected to one mandatory minimum and his sentence unlawfully subjected him to two. The government alleges that case law allows for multiple mandatory minimums under *Abbott v. United States*, 131 S.Ct. 18, 23 (2010), where a mandatory minimum on another count is not spared by a mandatory minimum for a § 924(c) conviction.

Petitioner has failed to present any applicable law that prohibits the imposition of a mandatory minimum sentence for multiple counts. The law indicates the contrary. *Abbott*, 131 S.Ct. at 23; *see also* 18 U.S.C. § 924(c)(1)(A) ("*in addition* to the punishment provided for such crime…")(emphasis added). As demonstrated in *Abbott*, a case where the defendant was convicted of drug trafficking and firearms charges, the Supreme Court held

---

[5] Even if the Court were to find the four (4) additional points added in Count 1 were incorrect when also sentenced under Count 3, this point is mooted by the fact that petitioner is a career offender.

11

that the defendants were subject to consecutive sentences for possessing firearms in furtherance of drug trafficking in accordance with § 924(c). 131 S.Ct. at 23. A lawyer has no right or duty to make frivolous arguments to the court. *Edwards*, 777 F.2d at 365; *see also Rezin*, 322 F.3d at 446. Accordingly, petitioner has failed to demonstrate that counsel's actions fell below an objective standard of reasonableness or that he was prejudiced by counsel's performance. Petitioner was sentenced in accordance with § 924(c) and objections based on multiple mandatory minimums would have been frivolous, and this claim fails.

### CERTIFICATE OF APPEALABILITY

Should Petitioner desire to appeal this Court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but Petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate of appealability. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner has not stated any grounds for relief under § 2255. Furthermore, the Court finds no basis for a de-

termination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

## CONCLUSION

Accordingly, petitioner's motion to vacate, set aside, or correct sentence (Doc. 1) is **DENIED** on all grounds raised, and this case is hereby **DISMISSED WITH PREJUDICE.**

A Certificate of Appealability shall **NOT** be issued.

The Clerk of the Court **SHALL** enter judgment accordingly.


**IT IS SO ORDERED.**

**DATED: March 27, 2013**


                                               **/s/ WILLIAM D. STIEHL**
                                                 **DISTRICT JUDGE**