IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL R. HOGSETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO.  10-CV-10-WDS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion to proceed *in forma pauperis* ("IFP") (Doc. 36) on appeal.  Petitioner has filed an affidavit stating that he is unable to prepay the docket fees of his appeal and has submitted a copy of his prison trust fund statement for the preceding 6 months, reflecting an account balance of $27.25.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be granted leave to proceed on appeal IFP unless the court "certifies that the appeal is not taken in good faith."  *See also* 28 U.S.C. § 1915(a)(3).  To meet the "good faith" standard, the Court need only determine "that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).  "[A]n appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000); s*ee also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory.") A district court, however, is under an obligation "not to apply an inappropriately high standard when making good faith determinations."  *Pate v. Stevens*, 163 F.3d

437, 438 (7th Cir. 1998).

In the case at bar, the petition was dismissed because this Court determined petitioner was not entitled to relief pursuant to 28 U.S.C. § 2255.[1]  In the instant motion, the petitioner did not articulate the basis for his appeal.  The Court reviewed, however, the Application for Certificate of Appealability ("Application") that petitioner filed with the Seventh Circuit Court of Appeals (Case No. 13-2031, Doc. 2), in order to discern the issues he raised on appeal. Upon review of the Application, the Court concludes that there is a possibility that a reasonable person could interpret the issues differently from this Court.  Accordingly, the Court is cannot certify that this appeal is taken in bad faith.  *See* 28 U.S.C. § 1915 (a)(3); *Walker*, 216 F.3d at 631.

In *Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000), the Seventh Circuit instructed district courts to discontinue use of the installment payment procedure established by the Prisoner Litigation Reform Act (PLRA) in 28 U.S.C. § 1915(b)(2) to collect filing fees in habeas appeals. However, the *Walker* court noted that "[a] court has it within its discretion to insist that litigants proceeding IFP in non-PLRA cases must nonetheless pay a fee commensurate with their ability to do so."  *Id.*

Regarding the district court's discretion in ruling on an IFP request, the *Walker* court references *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999).  In *Longbehn*, the district court, after recognizing that the PLRA did not apply to a habeas proceeding, exercised its discretion to adopt the PLRA formula in § 1915(b)(1) in order to calculate a reasonable partial pre-payment of an appellate filing fee where the petitioner had requested to proceed IFP. *Longbehn*, 169 F.3d at 1083 (affirming *Longbehn v. Reno*, 27 F. Supp. 2d 1162, 1164 (W.D. Wis.

---

[1] This Court previously declined to issue a certificate of appealability to petitioner (Doc. 29), however, the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is taken in good faith.  *Walker*, 216 F.3d at 631.

1998)).  The Seventh Circuit stated that this exercise of discretion was sound, and further "commend[ed] [the Judge's] approach to other district judges."  *Id.*

Under the approach recommended in *Longbehn*, this Court may appropriately adopt the PLRA formula to calculate a partial up-front payment of the appellate fee.  The undersigned Judge is persuaded that this use of § 1915(b)(1) is a proper exercise of the Court's discretion in arriving at a fair, sliding-scale formula for an appropriate partial fee pre-payment.

The Court **FINDS** that petitioner is financially qualified for pauper status with respect to part of the $455 fee for filing his appeal.  Therefore, the instant motion (Doc. 36) is **GRANTED** as follows.  Based on Petitioner's trust fund account statements, **IT IS HEREBY ORDERED** that Petitioner shall submit payment to the Clerk of Court in the amount of $4.77, and is granted leave to proceed IFP with respect to the remainder of the fee.  Petitioner is **DIRECTED** to pay $4.77 to the Clerk of Court no later than July 15, 2013.  Payment shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Court notes that "[a] litigant who proceeds *in forma pauperis* still owes the fees.  If he wins, the fees are shifted to the adversary as part of costs; if he loses, the fees are payable like any other debt." *Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013).

Petitioner is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to appeal this action without being required to prepay all fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  SDIL-LR 3.1(c)(1).

Finally, Petitioner is **ADVISED** that he is under a continuing obligation to keep the Clerk of this Court informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATE: June 14, 2013**

                **/s/   WILLIAM D. STIEHL**
                 **DISTRICT JUDGE**