# In The United States District Court
# Southern District Of Illinois

FILED
JAN 26 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

Samuel Hogsett )
   Petitioner )
  ) Solicit
United States Of America ) Case No: 3:10-cv-00010-WDS
   Respondant )
  )
  )
  )

### Motion under Rule 60(b); 60(d)(1); 60(b)(6) and Affidavit in support.

"Indeed, no more than (affidavits) is necessary to make the prima facie case." United States v. Kis, 658 F.2nd 526 (7th cir. 1981); Cert. Denied, 50 U.S.L.W. 2196; S.Ct. March 22, 1982

Comes Now the Petitioner, Mr. Samuel Hogsett (Mr. Hogsett) in the above-styled motion, and respectfully moves pursuant to Rules governing Rule 60(b); 60(d)(6); and 60(d)(1) with an Affidavit in support by requesting that this Court grant this Motion on the merits and as a matter in law.

### Procedural History

I.
The Petitioner Mr. Hogsett, was arraigned on 12/16/2005 and went to trial on 01/09/2007. The Jury found Mr. Hogsett guilty on 01/16/2007 and he was sentenced on 04/20/2007 to

355 months. Mr. Hogsett filed a notice of appeal on 04/24/2007, in which the judgement was affirmed. Mr. Hogsett filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. 2255, on 01/04/10. The Court denied that motion on 03/27/13. Mr. Hogsett filed a notice of appeal to that motion on 05/09/13 and it was denied on 03/14/04.

## Statement of Facts

**I.**

Mr. Hogsett was Indicted on Dec. 16, 2005 for violating 18. U.S.C. 922(g)(1). And on Mar. 22, 2006 he was given a Superseding Indictment for violating Title 18 U.S.C. 922(g)(1) and 924(c). Violating Title 21 U.S.C. 841(a)(1) and 841(b)(1)(b).

**II.**

Mr. Hogsett was found to be an Armend Career Criminal (ACC) because it was said that Mr. Hogsett had three prior violent fellonies.

Mr. Hogsett's first fellony conviction that the Federal Government used was his conviction for a state Robbery; case no: 01-CF-1709. Mr. Hogsett's probation was terminated on that charge on 03/14/04. Mr. Hogsett was sent a letter from Illinois Department of Corrections (IDOC) stating that he had served his time to IDOC) and that his rights had been restored.

The letter that I.D.O.C sent him did not state that he could not have a gun; vote or hold public office. So that charge (Robbery) can not be used. See: United States V. Burnett, 641 F.3d 849 (7th, May, 2011) "Only a person who can show that he received, read, and understood a misleadingly incomplete communication from the state can take advantag

of the "unless" clause in § 921(a)(20)." 921(a)(20) states: unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. That conviction to which the letter referred no longer counts as a violent felony. See: Buchmeier v. United States 581 F.3d 561 (7th cir 2009).

Mr. Hogsett states that he can not reproduce the letter he recived and that he has tried to contact I.D.O.C so that a copy of such letter could be sent to him so that he could use it as an exhibit. I.D.O.C has not responded to any of his letters and because of the time gape Mr. Hogsett does not know what he did with the oreginal letter.

Because this charge was used Mr. Hogsett was given the A.C.C which took his 922(g)(1) charge from 0 to 10 years to 5 to life. Mr. Hogsett has suffered grave loss and hardship because of this. Mr. Hogsett lost his mother on Aug. 26, 2014 and was not at her side while she fought cancer. Mr. Hogsett would have been at his mother's side if not for the A.C.C. inhancement. Mr. Hogsett states that the only action that can right this unjustly wrong is to reverse and remand his case with judgement of time served

IV.

Mr. Hogsett had two charges that wher ran concurrent in Illinois state court. Aggravated Discharge, case NO: 03-CF-2920 and Aggravated Robbery, case NO: 03-CF-3225. These two cases were not separated by an intervening arrest, but the Federal Governmen went aginst 4A1.2(a)(2) and seperated these two charges to give Mr. Hogsett the A.C.C. inhancement. United States v. Johson, 332 Fed. Appx 946. (7th cir 2009) "If there was no intervening

arrest, the sentences are still treated separately unless (1) thay resulted from offenses charged in the same instrument, or (2) The sentences were imposed on the same day § 4A.2 (a)(2)

Because of this Mr. Hogsett was given a sentenc 20 year above the max that he should have recived under a violation of Title 18 U.S.C 922 (g)(1). Mr. Hogsett has served the Maximum amount of time he could have recived if he was not given the A.C.C inhancement.

Mr. Hogsett would like for this court to compel the Federal Government to follow: United States vs. Francois Holloway (2nd Cir) in-which the Rulling Judge asked the Govenmen to be leanyent to Mr. Holloway because he had servied all of his time he would have got if he would of gotten a plea bargain.; Holloway, 921 F.supp. 155 (2nd Cir May 14, 2014)

Mr. Hogsett states agin that he has suffered a great loss and extream heardship because of this. The only way to right this wrong is to give Mr. Hogsett time served and set him free.

V.

The Jury in Mr. Hogsett's trial found him guilty in count two of his Superseding Indictment of possession with intent to distribute approximately 0.5 grams of a substance containing cocaine.

Mr. Hogsett's Indictment states that he violated 21. U.S.C. 841(a)(1) and 841(b)(1)(b). 21. U.S.C 841(a)(1) is a violation of intend to distribute a controled substance. 21. U.S.C 841(b)(1)(b) on the other hand states a specific amount of a controled substance to be put in some one's

Indictment "50 grams or less". Since Mr. Hogsett's indictment clearly states a specific amount (0.5 grams) he must be indicted and tried under that Federal code for which he violated.

Since Mr. Hogsett was indicted, tried befor a jury, and found guilty of a Federal code in-which that amount for violatin that said code is not what Mr. Hogsett was found to have possesed, Count 2 of Mr. Hogsett Superseding Indictment is and always has been a Fraudulant Indictment.

Mr. Hogsett has, is, and always will have extream heardship and extream emotional pain, know that the Federal government of the United States of America would see such an erra as this and do nothing to correct it. Mr. Hogsett is not a "pera-legal" nor a Attorney and yet his is being forced to do work in-which his Court apointed Public Defender and paid Attorney would not do. The only thing that this Court can do to right this grave wrong is to let Mr. Hogsett go free immediately.

## VI.

The Jury in Mr. Hogsett's case found him guilty on Count two of his Superseding Indietment of possession with the intent to distribute approximately 0.5 grams of a substance containing cocaine. The Judge in Mr. Hogsett's case at sentencing gave Mr. Hogsett 21 grams of relavant conduct. This is clearly a Apprendi and Booker violation.

A verdict that was based on the jury finding guilt of an amount put forth in a indictment, thus barring any sentence over such amount. And a sentence on an amount not presented in the indictment, nor found by the

jury under its verdict and jury instructions is a direct violation of Mr. Hogsett's 6th amendment violation.

With all of this being said, Mr. Hogsett's can only be brought back to court to be released. This also is a great hardship on Mr. Hogsett. To know that a Judge did not follow the rules that where clearly set out to be followed by the Supreme Court, would sentence him for breaking the law is something that will tramatize Mr. Hogsett for the rest of his life. And it has shattered his belife in the United States Government.

## VII.

### Relife sought

Mr. Hogsett was 22 year's old when he cought the initial charge in-which the Federal Government picked up in Dec 16, 2005. Mr. Hogsett at that time belived in the people that where apointed to represnt him in his legal matter.

Mr. Hogsett is now 32 year's old and due to his research has found out that the people that where to represent him in his legal matters failed horribly.

Mr. Hogsett is asking this court to give him justice where justice has been long over due. These issues can not be denied as timed bared and this motion can not be turned in to any thing but what it is.

When this Court adamently told Mr. Hogsett that he could not file any pro-se motions and when Mr. Hogsett tried to get his court appointed Attorney; paid Attorney; Appeal Attorn. nor his court appointed Attorney on his §2255 to do what he asked and then demanded that thay do, What could

Mr. Hogsett do to acquire his freedoom. In the name of Justice Mr. Hogsett is asking that this court give him his Freedoom.

VIII. Conclusion

Mr. Hogsett states that he is entitled to the relife he is seeking. If an evidentiary hearing is need to solve this issue, Mr. Hogsett wish's this court to grant such a hearing so Justice can prevail

I, Samuel R. Hogsett, JR. (Mr. Hogsett) a living breathing man, being a citizen of the United States of America, by birth, depose and say and declare by my signature that the following facts are true, correct and complete to the best of my knowledge under the penalty provisions of 28 U.S.C. §1746.

Dated: This 3 day of Jan. 2015 A.D.

"Without Prejudice"
Authorized Represetive.
Samuel R. Hogsett JR.
*Samuel R. Hogsett Jr.*

# Affidavit In Support Of Motion

1. My name is Samuel Hogsett, I am the Petitioner in this motion, and Affidavit.
2. On Dec. 16, 2005 I was indicted by the Federal Government for violating Title 18, U.S.C. 922(g)(1).
3. On March 22, 2006 I was given a superseding Indictment for violating Title 18 U.S.C. 922(g)(1) and 924(c) and Title 21 U.S.C. 841(a)(1) and 841(b)(1)(b).
4. After I was told that I would be given the ACC statute for my Aggravated Discharge, "state case" and Aggravated Robbery, "state case", I told my public defender that those charges where ran together.
5. I told my public defender that because those two charges where ran together that thay only count as one charge.
6. I was told by my public defender that the Federal Goverment could do what thay wonted to do. When I asked him to explain, he stated that they did not have to follow any rules.
7. I told my court apointed Attorney that he should argue Booker issues on my §2255 motion.
8. He did not and because of this I was never allowed to rase this issue.

9. When I learned about the case United States v. Bernett, 641 F.3d 849 (7th cir May 2011) it was to late for me to add it to my § 2255 and when I asked my court apointed attorney he would not respond to my letter.

10. That the court would not let me put any motion into the court because I had court apointed representation. Every time I tryed my motions where denied.

Dated: Jan. 4, 2015

I declare under the penalty provisions of 28 U.S.C. § 1746 that the following is true and correct.

*Samuel Hogsett* 07131-025
Samuel Hogsett.