IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SAMUEL R. HOGSETT, JR.,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 10-cv-10-SMY

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Samuel R. Hogsett Jr.'s "Motion under Rule 60(b); 60(d)(1); 60(b)(6) and Affidavit in Support" (Doc. 49) and "Motion for the Court to Stay, Hold on Ruling of Petitioner's Rule 60(b) Motion" (Doc. 50). For the following reasons, the Court dismisses the motions.

Petitioner was found guilty, after a jury trial, of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On April 20, 2007, Petitioner was sentenced to 355 months imprisonment, 5 years supervised release, a fine of $750.00, and a special assessment of $300.00. Petitioner filed a direct appeal and his conviction was affirmed by the Seventh Circuit Court of Appeals. *United States v. Taylor*, 522 F.3d 731 (7th Cir. 2008). Petitioner sought, but was denied, a petition for a writ of certiorari from the Supreme Court of the United States. *Hogsett v. United States*, 555 U.S. 1170 (2009).

On January 4, 2010, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 1). Petitioner made the following claims: ineffective assistance of

counsel prior to trial for failure to seek dismissal for violation of the Speedy Trial Act and Sixth Amendment, failure to properly argue a suppression issue, and failure to advise petitioner of options besides proceeding to trial; ineffective assistance of counsel during trial for failure to advance a viable defense theory; ineffective assistance of counsel during sentencing for failure to object to "double counting," and failure to argue illegality of subjecting petitioner to two separate mandatory minimum sentences. On March 27, 2013, the Court entered judgment against Petitioner and denied a certificate of appealability finding Petitioner had not made a substantial showing of the denial of a constitutional right (Doc. 29). The Court of Appeals for the Seventh Circuit denied Petitioner's request for a certificate of appealability.

Petitioner has now filed two post-judgment motions. His "Motion under Rule 60(b); 60(d)(1); 60(b)(6) and Affidavit in Support" (Doc. 49) advances new grounds for relief from his conviction. His "Motion for the Court to Stay, Hold on Ruling of Petitioner's Rule 60(b) Motion" (Doc. 50) asks the Court to stay any ruling on his "Motion under Rule 60(b); 60(d)(1); 60(b)(6) and Affidavit in Support" (Doc. 49) because "the Government . . . failed to address any of the issues present throughout [Petitioner]'s first § 2255," and "his § 2255 was never ruled on in its full capacity" (Doc. 50, p. 1). Petitioner then provides case law to support an argument in his § 2255 motion that was already considered and denied by the Court.

A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of

the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816. Generally, decisions to deny a *habeas* petition based on the failure to exhaust state remedies, procedural default or the statute of limitations are not decisions on the merits and may be attacked in a Rule 60(b) motion without amounting to a successive petition. *Gonzalez*, 545 U.S. at 532 n.4.

Here, Petitioner's pending motions assert new grounds for relief and attack the Court's prior resolution of a ground for relief on the merits. The motions do not point to a defect in the integrity of the proceedings. Petitioner's motions are therefore successive petitions under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8. *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 2925 (2008); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Petitioner's Motions (Docs. 49 & 50) and **DISMISSES** them for **lack of jurisdiction**.

**IT IS SO ORDERED.**

**DATED:** February 2, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**